IN THE CIRCUIT COURT FOR Montgomery County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF  ☐DEFENDANT     CASE NUMBER_____ (Clerk to insert)

**CASE NAME:** Funkhouser vs. Duvall et al.
                Plaintiff          Defendant

PARTY'S NAME: Samuel Funkhouser                          PHONE:_____

PARTY'S ADDRESS: 7774 East Shore Road, Pasadena, Maryland 21122

PARTY'S E-MAIL:_____

**If represented by an attorney:**
PARTY'S ATTORNEY'S NAME: Christopher J. Smith, Esq.       PHONE: (301) 760-7460
PARTY'S ATTORNEY'S ADDRESS: 257 Market Street W, Suite 100, Gaithersburg, Maryland 20878
PARTY'S ATTORNEY'S E-MAIL: cjs@christopherjsmithlaw.com

**JURY DEMAND?** ☒Yes ☐No
**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:_____
**ANTICIPATED LENGTH OF TRIAL?:** ____hours  3  days

### PLEADING TYPE

**New Case:** ☒Original   ☐Administrative Appeal  ☐Appeal
**Existing Case:** ☐Post-Judgment  ☐Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box*.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:_____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☒ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |||||
|---|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property ||
| ☐ Administrative Action | ☐ Enrollment | ☒ Judgment-Summary | ☐ Sale of Property ||
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance ||
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis ||
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution ||
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property ||
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages ||
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus ||
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus ||
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession ||
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order |||
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment |||

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000 |
| ☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____ |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION ||
|---|---|
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) ||
| A. Mediation     ☒ Yes  ☐ No | C. Settlement Conference   ☒ Yes  ☐ No |
| B. Arbitration   ☐ Yes  ☒ No | D. Neutral Evaluation      ☐ Yes  ☒ No |

| SPECIAL REQUIREMENTS |
|---|
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |

| ESTIMATED LENGTH OF TRIAL ||
|---|---|
| *With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*   *(Case will be tracked accordingly)* ||
| ☐ 1/2 day of trial or less | ☒ 3 days of trial time |
| ☐ 1 day of trial time | ☐ More than 3 days of trial time |
| ☐ 2 days of trial time | |

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM ||
|---|---|
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.* ||
| ☐ **Expedited**- Trial within 7 months of Defendant's response | ☐ **Standard** - Trial within 18 months of Defendant's response |
| EMERGENCY RELIEF REQUESTED ||

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff _____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| | |
|---|---|
| 09/04/2024 | /s/Christopher J. Smith |
| Date | Signature of Counsel / Party |
| 257 Market Street W, Suite 100 | Christopher J. Smith, Esq. |
| Address | Printed Name |
| Gaithersburg   MD   20878 | |
| City   State   Zip Code | |

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| SAMUEL FUNKHOUSER <br> 7774 East Shore Road <br> Pasadena, Maryland 21122 <br><br> *Plaintiff* <br><br> v. <br><br> THE DONOHOE COMPANIES, INC. <br> 7101 Wisconsin Avenue <br> Bethesda, Maryland 20814 <br><br> *Defendants* | * <br> * <br> * <br> * <br> * Case No.: <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, Samuel Funkhouser, by and through his attorney, Christopher J. Smith, Esq., of The Law Office of Christopher J. Smith, LLC, and hereby sues the Defendant, The Donohoe Companies, Inc. In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff is a resident of Maryland.

2. Defendant The Donohoe Companies, Inc. has its primary place of business in Montgomery County, Maryland.

3. Venue is proper in the Circuit Court of Montgomery County, Maryland as the Defendant carries on its regular business in Montgomery County, Maryland. Md. Code Ann., Cts. & Jud. Proc. § 6-201(a).

4. Jurisdiction is proper before this Honorable Court as an action in tort. § 1-501. Additionally, this Honorable Court has personal jurisdiction over the Defendant as persons with its primary place of business in Montgomery County, Maryland.

## FACTS COMMON TO ALL COUNTS

5. At all times relevant hereto, Plaintiff worked as a Superintendent with the Defendant, which does business as Donohoe Construction Company.

6. Plaintiff's primary work location, including at the time of his termination, was the District of Columbia.

7. At sometime prior hereto, Plaintiff began to experience severe neck pain, which eventually required surgery in December 2022, after which he returned to work.

8. Unfortunately, Plaintiff began to experience a reoccurrence of significant pain and related symptoms sometime in July or August of 2023.

9. Plaintiff attempted to work through the pain, but was unfortunately unable to continue to do so.

10. Plaintiff took medical leave to address his reoccurring pain and had a second surgery in October 2023.

11. Plaintiff saw his physician, Dr. Park, on November 20, 2023 for his first post-operation scheduled visit.

12. It was at this time that Dr. Park informed Plaintiff that Plaintiff could return to work with the Defendant on December 4, 2023 under light duty.

13. Following this visit with his doctor, Plaintiff immediately requested to return to work with the Defendant under light duty.

2

14. Unfortunately, when Plaintiff requested a light duty assignment as an accommodation in order to return to work, the Defendant refused to provide the same and did not work with Plaintiff to find any other reasonable accommodation that might have allowed him to continue his employment.

15. Instead, Defendant insisted that Plaintiff would have to be terminated and remain on long-term disability status.

16. The Defendant then terminated Plaintiff's employment during or about the first week of December 2023.

17. As an aside, Plaintiff's long-term disability provider disagreed with the Defendant's assessment that Plaintiff could not perform Plaintiff's position of Superintendent under a light duty status. As such, it did not grant Plaintiff long-term disability.

18. Plaintiff filed a Charge of Discrimination, in which he alleged the aforementioned facts constituted disability discrimination by way of a failure to accommodate, with the EEOC and OHR on or about February 29, 2024.

19. This Charge of Discrimination was logged as Charge No. 570-2024-01952.

20. A Notice of Right to Sue was issued by the EEOC on or about September 3, 2024.

**COUNT I**
**(Failure to Accommodate)**

21. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

22. An employer has a statutory duty, under both federal and local law, to grant a reasonable accommodation to a qualified employee with a disability. 42 U.S.C. §§ 12112(a), (b)(5)(A); D.C. Code § 2-1402.11(a). To fail to do so constitutes disability discrimination under both the Americans with Disabilities Act ("ADA") and the D.C. Human Rights Act ("DCHRA").

23. Plaintiff was, at all times relevant hereto, an employee of the Defendant.

24. Plaintiff, at all times relevant hereto, had performed the duties of his position in a manner satisfactory to his employer and was well qualified for his position.

25. Plaintiff was, at all times relevant hereto, an individual with a disability. This included his severe neck pain and recovery from his second surgery related to the same, which limited his daily living activities, including his ability to perform his position as a Superintendent. More specifically, Plaintiff had difficulty moving and could not lift objects in excess of certain weights.

26. The Defendant, at all times relevant hereto, had known of Plaintiff's disability and had been provided notice of the same by the Plaintiff.

27. Plaintiff originally sought light duty as a reasonable accommodation, as his essential job duties did not include the performance of any significant lifting or other such manual labor.

28. As such, it remains Plaintiff's position that the essential functions of his position could have been performed with or without an accommodation, including the accommodation sought by Plaintiff.

29. The accommodation sought by Plaintiff did not constitute an undue hardship on the Defendant.

30. Likewise, there were other accommodations available that would have allowed Plaintiff to continue to work for the Defendant and perform his job duties that would not have constituted undue hardships for the Plaintiff, including job reassignment or additional unpaid leave.

31. However, the Defendant refused to grant any reasonable accommodation, including the light duty assignment, or otherwise work with him in an interactive process to identify a reasonable accommodation for Plaintiff so that he might continue to perform work for the Defendant.

32. In fact, no accommodations of any kind were offered or even suggested to Plaintiff by the Defendant.

33. Instead, the Defendant terminated Plaintiff's employment rather than attempt to accommodate Plaintiff.

34. Therefore, the Defendant has discriminated against the Plaintiff on the basis of Plaintiff's disability by Defendant's failure to provide a reasonable accommodation as statutorily required by federal and local law or otherwise engaging with Plaintiff to identify the same.

WHEREFORE, Plaintiff, Samuel Funkhouser, respectfully requests judgment against the Defendant, The Donohoe Companies, Inc., in an amount in excess of $75,000.00, plus punitive damages, pre- and post-judgment interest, statutory attorneys' fees, and costs.

                        Respectfully submitted,

                        */s/Christopher J. Smith*
                        Christopher J. Smith, Esq.
                        AIS No.: 1612140248
                        The Law Office of Christopher J. Smith, LLC
                        257 Market Street W, Suite 100
                        Gaithersburg, Maryland 20878
                        (301) 760-7460 (Office)
                        (301) 760-7469 (Direct)
                        cjs@christopherjsmithlaw.com
                        *Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff, Samuel Funkhouser, hereby demands a trial by jury on all issues raised herein.

                        */s/Christopher J. Smith*
                        Christopher J. Smith, Esq.